UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQLYN A. MARCUM,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH COREY, et al.,<br><br>    Defendants. | No. 2:19-cv-01135-KJM-DB<br><br><br><br>ORDER |

On October 18, 2019, the court ordered plaintiff to show cause within fourteen days why this matter should not be dismissed for failure to prosecute as to remaining defendants Joseph Corey, Citibank and Salvador Ramirez. ECF No. 9. As of this order, plaintiff has failed to comply with the court's show cause order and defendants Corey, Citibank and Ramirez have not been served or appeared in this action.

Under Local Rule 110, where counsel or a party fail to comply with a court order, the court is authorized to impose "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. R. 110. "It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). However, before doing so the court must consider the "need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions." *Id.*

1

Each of these factors favor sua sponte dismissal.[1] The Eastern District of California has one of the most impacted trial calendars in the nation; both the court and public suffer when cases unnecessarily congest the court's docket through unreasonable delay. This case was initiated in Sacramento Superior Court on March 22, 2017 and removed to this court on June 20, 2019. Plaintiff has failed to serve or engage defendants Corey, Citibank and Ramirez in anyway and has failed to show otherwise despite opportunity to do so. Moreover, although these defendants have yet to be served, unreasonable delay is inherently prejudicial to defendants' ability to effectively defend their position. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Finally, because the court has already provided plaintiff the opportunity to show cause why this action should not be dismissed for failure to prosecute, ECF No. 9, less dramatic sanctions are unavailable.

For these reasons the court exercises its inherent authority and orders this action DISMISSED without prejudice for lack of prosecution as to remaining defendants Corey, Citibank and Ramirez. The Clerk of Court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED: January 14, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Although the court is not required to articulate its consideration of these factors, *Ash*, 739 F.2d at 496, it does so here for clarity of record.